IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MORGAN PRATHER and
ADRIANA WESTWOOD,

     *Plaintiffs*,

                               CIVIL ACTION FILE NO.

  v.

GB MODEL GROUP,
BIANKA McCORKLE,
and CHARLES McCORKLE,

     *Defendants*.

## **COMPLAINT**

**NOW COME** Plaintiffs Morgan Prather and Adriana Westwood (hereinafter collectively "Plaintiffs") and assert this Complaint against Defendants GB Model Group, Bianka McCorkle, and Charles McCorkle (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA" or "the Act"), and for breach of contract, promissory estoppel, and unjust enrichment under Georgia law.  The Plaintiffs state more fully as follows:

1

## INTRODUCTION

### 1.

Plaintiffs Prather and Westwood each worked for Defendants GB Model Group, Bianka McCorkle, and Charles McCorkle within two (2) years preceding the filing of this Complaint. Defendants failed and willfully refused to: (1) pay Plaintiffs' wages promised to them; (2) in certain "work-weeks" pay wages equal to the federal minimum wage as required by the FLSA, 29 U.S.C. §206; and (3) pay overtime wages equal to one and one-half times the Plaintiffs' "regular rate" as required by the FLSA, 29 U.S.C. §207. Additionally, Defendants retaliated against Plaintiff Westwood when she asked about her unpaid wages, in violation of FLSA §15(a)(3), 29 U.S.C. §2159a)(3). Plaintiffs seek their unpaid base wages, unpaid overtime wages, liquidated damages under the FLSA, interest under Georgia law on the amounts owed, and their attorneys' fees and costs of litigation under both the FLSA and O.C.G.A. §13-6-11.

## JURISDICTION

### 2.

Plaintiffs bring this action under the Fair Labor Standards Action, 29 U.S.C. §201 *et. seq*., and pendant state law claims. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337. The Court has supplemental jurisdiction over Plaintiffs' state law claims.

## VENUE

### 3.

Defendant GB Model Group is a Georgia-based company with its principal place of business at 2575 Wesley Chapel Road, Decatur, Georgia 30035. Venue for this action properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, N.D. Ga.

## DEFENDANTS

### 4.

Defendant GB Model Group is a Georgia-based company which advertises itself as a boutique development, management and marketing group that works with building brands and talent. GB Model Group specializes in models, make-up artists, photographers and designers.

### 5.

More specifically, Defendant GB Model Group helps to connect models with designers and fashion production companies around the world; GB Model Group helps to acquire modeling jobs for runway model shows, photographic campaigns, and other media presentations for clients involved in the fashion production business both in the United States and abroad.

### 6.

Defendant GB Model Group sells its services and products to companies and end-users located outside of the State of Georgia.

7.

In calendar year 2016, Defendant GB Model Group had annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise tax at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

8.

Defendant GB Model Group constitutes an "enterprise" engaged in commerce or in the production of goods or services for interstate commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act. 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a).

9.

Defendant GB Model Group is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

10.

Defendant GB Model Group is an "employer" in industry affecting commerce within the meaning of §3(d) of the Act. 29. U.S.C. §203(d).

11.

During the relevant time period, discussed *infra*, Defendant GB Model Group was an "employer" of Plaintiff Prather, as defined in §3(d) of the Act. 29 U.S.C. §203(d).

12.

During the relevant time period, discussed *infra*, Defendant GB Model Group was an "employer" of Plaintiff Westwood, as defined in §3(d) of the Act. 29 U.S.C. §203(d).

13.

On information and belief, Defendant Bianka McCorkle is an owner and/or shareholder in Defendant GB Model Group.

14.

Defendant Bianka McCorkle, along with other individuals, manages the day-to-day operations of Defendant GB Model Group.

15.

Defendant Bianka McCorkle, acted and acts directly in the interest of Defendant GB Model Group, in relation to Defendant GB Model Group's employees. Thus, Bianka McCorkle was and is an

"employer" of the Plaintiff Prather within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

16.

Defendant Bianka McCorkle, acted and acts directly in the interest of Defendant GB Model Group, in relation to Defendant GB Model Group's employees. Thus, Bianka McCorkle was and is an "employer" of the Plaintiff Westwood within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

17.

On information and belief, Defendant Charles McCorkle is an owner and/or shareholder in Defendant GB Model Group.

18.

Defendant Charles McCorkle, along with other individuals, manages the day-to-day operations of Defendant GB Model Group.

19.

Defendant Charles McCorkle, acted and acts directly in the interest of Defendant GB Model Group, in relation to Defendant GB Model Group's employees. Thus, Charles McCorkle was and is an

"employer" of the Plaintiff Prather within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

20.

Defendant Charles McCorkle, acted and acts directly in the interest of Defendant GB Model Group, in relation to Defendant GB Model Group's employees. Thus, Charles McCorkle was and is an "employer" of the Plaintiff Westwood within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

21.

During the period of employment of the Plaintiffs, discussed *supra*, the activities of Defendants GB Model Group, Bianka McCorkle, and Charles McCorkle were related and performed through unified operation and control for a common business purpose, and constituted an "enterprise" within the meaning of §3(r) of the Act. 29 U.S.C. §203(r).

22.

In calendar year 2016, Defendants employed various people, including Plaintiffs, in the business of producing goods and/or services for commerce, more specifically modeling clothing for a variety of visual

advertising, which have in fact been sold into interstate commerce within the meaning of §§ 3(b), 3(g), 3(i) and 3(j) of the Act. 29 U.S.C. §§203(b), 203(g), 203(i) and 203(j).

PLAINTIFF MORGAN PRATHER

23.

Plaintiff Morgan Prather was hired by Defendant GB Model Group on or about June 17, 2016, for the position of model.

24.

Plaintiff Prather was an "employee" of Defendant GB Model Group as defined by §3(e)(1) of the Act. 29 U.S.C. §203(e)(1).

25.

Plaintiff Prather's job duties consisted of working as a model. Plaintiff Prather performed work as a model on behalf of GB Model Group, which in turn, contracted with various third parties to provide models.

26.

Defendants offered to pay, and Plaintiff Prather accepted, a day rate of two hundred fifty dollars ($250.00) per day, minus a "booking

fee" of thirty dollars ($30.00) and minus a commission of twenty-percent (20%) of the gross less the booking fee. Thus, Plaintiff Prather was to receive one hundred and seventy-six ($176.00) per day under the terms of the Parties' agreement.

27.

Plaintiff Prather was not paid on a salary basis.

28.

Plaintiff Prather was not paid a guaranteed salary equal to or exceeding four hundred fifty-five ($455.00) per week.

29.

A copy of the contract between Plaintiff Prather and Defendant GB Model Group is attached hereto as Exhibit "A."

30.

During the period of approximately September 21st through September 23rd, 2016, Plaintiff Prather worked as a model for GB Model Group on assignment with a clothing company, Angela & Alison, in Chicago.

31.

During the period of September 21st through September 23rd, 2016, Plaintiff Prather worked approximately twenty three (23) hours.

32.

During this workweek, Plaintiff Prather was not paid at all. Thus, her effective hourly rate was $0.00, well below the federal minimum wage rate of $7.25 per hour. 29 U.S.C. §203(m) and §206(a). (While "regular rate" is most associated with overtime calculations, to be discussed *infra*, one's "regular rate" can never lawfully be less than the federal minimum wage. *See* 29 C.F.R. §778.107, §778.108, §778.109 and §778.112.)

33.

During the period of approximately October 8th through October 10th, 2016, Plaintiff Prather worked as a model for GB Model Group on assignment with a clothing company, Calla Blanche, in Atlanta, Georgia.

34.

During this workweek, Plaintiff Prather worked approximately twenty five and one half (25.5) hours, not including travel time.

35.

During this workweek, Plaintiff Prather was not paid at all. Thus, her effective hourly rate was $0.00, well below the federal minimum wage rate of $7.25 per hour. 29 U.S.C. §203(m) and §206(a). (While "regular rate" is most associated with overtime calculations, to be discussed *infra*, one's "regular rate" can never lawfully be less than the federal minimum wage. *See* 29 C.F.R. §778.107, §778.108, §778.109 and §778.112.)

36.

To date, Plaintiff Prather has been paid no wages at all for these two (2) periods.

37.

Despite repeated assurances from Defendants GB Model Group and Bianka McCorkle that Plaintiff Prather would be paid for these workweeks, the Defendants have failed and refused in bad faith to pay Plaintiff Prather for these workweeks.

38.

Plaintiff Prather resigned due to non-payment of wages and expenses on or about March 1st, 2017.

# PLAINTIFF ADRIANNA WESTWOOD

## 39.

Plaintiff Adrianna Westwood was hired by Defendant GB Model Group on or about August 1, 2015 for the position of model.

## 40.

Plaintiff Westwood was an "employee" of Defendant GB Model Group as defined by §3(e)(1) of the Act. 29 U.S.C. §203(e)(1).

## 41.

Plaintiff Westwood's job duties consisted of working as a model. Plaintiff Westwood performed work as a model on behalf of GB Model Group, which in turn, contracted with various third parties to provide models.

## 42.

When she was initially hired, Defendant GB Model Group offered to pay, and Plaintiff Westwood accepted, a day rate of two hundred twenty dollars ($220.00) per day, minus a "booking fee" of thirty dollars ($30.00) and minus a commission of twenty-percent (20%) of the gross (less the booking fee). After various fees, commissions, and undefined

deductions, Plaintiff Westwood was to receive one hundred and fifty dollars ($150.00) per day.

43.

Plaintiff Westwood worked, on assignment, for various clothing companies throughout the United States while employed by Defendants. For example, she worked various merchandizing shows in Atlanta and Chicago.

44.

For example, Plaintiff Westwood worked, on assignment, for the clothing company Calla Blanche in Chicago, Illinois from September 27th and 29th, 2015 and in New York, New York April 16th through the 18th, 2016. A copy of Plaintiff Westwood's records is attached as Exhibit "B."

45.

The amounts paid to Plaintiff Westwood varied to a degree depending upon the assignment.

46.

During the first two weeks of August, 2016, Defendant GB Model Group hired Plaintiff Westwood to work as a model for the clothing

company Calle Blanche in Atlanta, Georgia. Plaintiff Westwood was to be paid a day rate of $300.00 per day less GB Model Group's 20%, for a net day rate of two hundred forty dollars ($240.00). Plaintiff worked under contract for Calle Blanche from August 2 through August 7, 2016, and worked approximately sixty-six (66) hours during this period. A copy of Plaintiff Westwood's record of this work is attached as Exhibit "C."

47.

During the second and third weeks of September, 2016, Defendant GB Model Group hired Plaintiff Westwood to work as a model for the clothing company Calle Blanche in Chicago, Illinois. Plaintiff Westwood was to be paid a day rate of $300.00 per day less GB Model Group's 20%, for a net day rate of two hundred forty dollars ($240.00). Plaintiff Westwood worked under contract for Calle Blanche from September 8th through the 11th, 2016, and worked approximately 35.6 hours during this period. A copy of Plaintiff Westwood's record of this work is attached as Exhibit "D."

48.

Defendant GB Model Group has not paid Plaintiff Westwood for work performed at the August 2016 Atlanta Georgia show for Calla Blanche and for the September 2016 Chicago, Illinois show for Calle Blanche.

49.

GB Model Group booked Plaintiff Westwood as a model for Calla Blanche for a show in New York, New York for October 8 through October 10, 2016. A copy of Plaintiff Westwood's record of this transaction is attached as Exhibit "E."

50.

Plaintiff Westwood made repeated demands to GB Model Group for payment for the August 2016 Atlanta Georgia and for the September 2016 Chicago, Illinois show.  GB Model Group and Defendant Bianka McCorkle refused payment and as of this date of this filing have not paid Plaintiff Westwood for these dates worked.

51.

After Plaintiff Westwood demanded payment for the August 2016 Atlanta show and for the September 2016 Chicago show, Defendants

GB Model Group and Bianka McCorkle cancelled Plaintiff's Westwood assignment for the Calla Blanche show in New York, New York for October 8 through October 10, 2016, in retaliation. A copy of Plaintiff Westwood's record of this transaction is attached as Exhibit "F."

52.

As a result of Defendants' failure to pay any monies owed for the August and September 2016 shows, and for Defendants' retaliation in cancelling the planned October Calle Blanche New York show, Plaintiff Westwood ceased working for Defendant GB Model Group on or about October 8th, 2016.

COUNT 1: FAILURE TO PAY MINIMUM WAGES
UNDER THE FLSA

53.

Plaintiffs restate and re-allege paragraphs twenty-three (23) through fifty-two (52).

54.

By failing and refusing to pay Plaintiffs *any* wages for the workweeks described above, Defendants have violated the minimum

wage provisions of the Fair Labor Standard Act, 29 U.S.C. §§206 and 216.

55.

More specifically, Defendants failed to pay Plaintiff Prather an hourly wage equal to or greater than the federal minimum for the time period September 21 – 23, 2016.

56.

Further, Defendants failed to pay Plaintiff Prather an hourly wage equal to or greater than the federal minimum for the time period October 8 - 10, 2016.

57.

Defendants owe Plaintiff Prather approximately three hundred fifty-one dollars and sixty-three cents ($351.63) in unpaid minimum wages and a like amount ($351.63) in liquidated damages for failing to pay wages in these workweeks equal to or greater than the federal minimum wage rate. 29 U.S.C. §§206 and 216.

*(Continued On the Following Page)*

58.

Defendants failed to pay Plaintiff Westwood an hourly wage equal to or greater than the federal minimum for the time period August 2 – 7, 2016.

59.

Defendants failed to pay Plaintiff Westwood an hourly wage equal to or greater than the federal minimum for the time period September 8 - 11, 2016.

60.

Defendants owe Plaintiff  Westwood approximately seven hundred thirty-six dollars and sixty cents ($736.60) in unpaid minimum wages and a like amount ($736.60)  in liquidated damages for failing to pay wages in these workweeks equal to or greater than the federal minimum wage rate.  29 U.S.C. §§206 and 216.

*(Continued On the Following Page)*

## COUNT II:  FAILURE TO PAY OVERTIME WAGES

## UNDER THE FLSA

### 61.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

### 62.

For the time-period August 2 – 7, 2016, Defendants violated the overtime provisions of the Fair Labor Standard Act, 29 U.S.C. §207, by failing to pay Plaintiff Westwood one and one-half (1½) times her "regular rate" of pay for all hours worked in excess of forty (40).

### 63.

Defendants owe Plaintiff Westwood approximately six hundred sixty-one dollars and eighty-two cents ($661.82) in unpaid overtime wages for this time period, and a like amount ($661.82) in liquidated damages.  29 U.S.C. §207 and §216.

*(Continued On the Following Page)*

## COUNT III:  BREACH OF CONTRACT UNDER GEORGIA LAW

### 64.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

### 65.

Defendants offered, and Plaintiff Prather accepted, to pay Plaintiff Prather a net day rate of one hundred and seventy-six dollars ($176.00) in exchange for her work as a model.

### 66.

To date, Defendants have failed and refused to pay Plaintiff Prather for the workweeks described in paragraphs thirty (30) through thirty-six (36), *supra*.

### 67.

Under the terms of their agreement, and pursuant to Georgia law, Defendants owe Plaintiff Prather one thousand and fifty-six dollars and no cents ($1,056.00) for work done by Plaintiff Prather and accepted by Defendants.

68.

Defendants offered, and Plaintiff Westwood accepted, to pay Plaintiff Westwood a net day rate of two hundred and forty dollars ($240.00) in exchange for her work as a model for the assignments more fully described in paragraphs forty-six (46) through forty-eight (48), *supra*.

69.

To date, Defendants have failed and refused to pay Plaintiff Westwood for the workweeks described in paragraphs forty-six (46) through forty-eight (48), *supra*.

70.

Under the terms of their agreement, and pursuant to Georgia law, Defendants owe Plaintiff Westwood two thousand and six hundred forty dollars and no cents ($2,640.00) for work done by Plaintiff Westwood and accepted by Defendants.

*(Continued On the Following Page)*

## COUNT IV:  CLAIM FOR UNJUST ENRICHMENT

## UNDER GEORGIA LAW

### 71.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

### 72.

Under the terms more fully described above, Defendants both induced and accepted the work of the Plaintiffs as models.  For the time period described above, the Defendants failed and refused to compensate the Plaintiffs.

### 73.

Defendants, pursuant to Georgia law, have been unjustly enriched by essentially stealing the labor of the Plaintiffs, and thus owe Plaintiff Prather the sum of one thousand and fifty-six dollars and no cents ($1,056.00) for work done by Plaintiff Prather, and owe Plaintiff Westwood two thousand and six hundred forty dollars and no cents ($2,640.00) for work done by Plaintiff Westwood.

## COUNT V:  CLAIM FOR PROMISSORY ESTOPPEL

## UNDER GEORGIA LAW

### 74.

Plaintiffs restate and re-allege paragraphs twenty-three (23) through fifty-two (52).

### 75.

Defendants promised, and Plaintiffs accepted these promises, to pay Plaintiffs the specific sums set forth above in exchange for work performed.  Plaintiffs, as described in detail above, worked on the days and weeks set forth, and have not been paid the sums promised by Defendants.  Plaintiffs believed and relied upon the statements and promises made by Defendants, have suffered a loss due to Defendants' actions, Defendants knew or should have known that Plaintiffs expected to be paid under the terms of the Parties' agreements, and equity requires that Defendants pay the wages promised.

### 76.

As described more fully above, Defendants owe thus owe Plaintiff Prather the sum of one thousand and fifty-six dollars and no cents ($1,056.00) in back wages under the terms of the agreement between

Defendants and Plaintiff Prather, and owe Plaintiff Westwood two thousand and six hundred forty dollars and no cents ($2,640.00) in back wages under the terms of the agreement between Defendants and Plaintiff Westwood.

## COUNT VI: RETAILATION CLAIM UNDER THE FLSA

### 77.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

### 78.

As more fully described in paragraphs forty-nine (49) through fifty-two (52), *supra*, Defendants retaliated against Plaintiff Westwood when she complained about her lack of payment and possible wage violations.

### 79.

Defendants retaliated against Plaintiff Westwood by canceling her assignment for Calle Blanche in New York City for the period October 8th – 10th, 2016.

80.

As a result of the Defendants' retaliation, and in violation of §15(a)(3) of the Act, Plaintiff Westwood lost approximately seven hundred and twenty dollars and no cents ($720.00) in wages she would have earned.

## COUNT VII: CLAIM FOR ATTORNEYS' FEE AND COSTS UNDER THE FLSA

81.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

82.

Pursuant to §16(b) of the Act, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of litigation. 29 U.S.C. §216(b).

*(Continued On the Following Page)*

## COUNT VII:  CLAIM FOR ATTORNEYS FEES

## UNDER GEORGIA LAW

### 83.

Plaintiffs restate and reallege paragraphs twenty-three (23) through fifty-two (52).

### 84.

Defendants have acted in bad faith in these transactions, and Defendants have been stubbornly litigious and caused Plaintiffs Prather and Westwood unnecessary trouble and expense, entitling Plaintiffs Prather and Westwood to recover their attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

### 85.

Based upon the forgoing paragraphs, Plaintiffs respectfully ask this Court to find and order the following:

A. That the Court find and declare the Defendants, collectively, to have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*., to have breached their employment contracts with Plaintiffs,

to have retaliated against Plaintiff Westwood in violation of the FLSA, to have acted "willfully" thus entitling the Plaintiffs to liquidated damages under the FLSA, and to have acted in bad faith pursuant to O.C.G.A. §13-6-11.

B. That Defendants be ordered to pay Plaintiffs all past-due wages at the rates agreed upon by the Parties;

C. That Defendants be ordered to pay Plaintiffs overtime wages for all weeks in which Plaintiffs worked more than forty (40) hours at a rate equal to one and one-half (1½) times their "regular rate" of pay;

D. That Defendants be ordered to pay Plaintiffs liquidated damages under the FLSA;

E. That the Court enter judgment declaring Defendants GB Model Group, Bianka McCorkle, and Charles McCorkle to be "employers" pursuant to 29 U.S.C. §203(e) , and hence personally liable for all monies due Plaintiffs;

F. That the Defendants be order to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. §216;

G. That the Defendants be ordered to pay interest, pursuant to Georgia law, on those amounts due not subject to the liquidated damages provision of the FLSA;

H. That the Defendants be order to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to O.C.G.A. §13-6-11; and,

I. For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this 11th day of May, 2017.

/s/   *Peter H. Steckel*
Peter H. Steckel
Georgia Bar Number 491935
Counsel for Plaintiffs

1902 Alderbrook Road
Atlanta, Georgia  30325
(404) 717-6220
Email:  peterhs1974@yahoo.com

# EXHIBIT "A"

# NONEXCLUSIVE CONTRACT
## GB MODEL GROUP

I, _Morgan Prather_ hereby agree to engage GB Model Group as my nonexclusive talent agency for a period of _2_ years (not to exceed 7 years) from date hereof to negotiate contracts for the rendition of my professional services as Model, or otherwise, in the fields of motion pictures, print, commercial, fashion, broadcasting, television and other fields of entertainment.

I hereby agree that you may advise, counsel or direct me in the development and/or advancement of my professional career.

As compensation for your said services agreed to be rendered hereunder, I hereby agree to pay you a sum equal to _twenty_ percent (_20_%); of things of value as and when received by me directly or indirectly, as compensation for my professional services rendered or agreed to be rendered during the term hereof under contracts, or any extensions, renewals, modifications, or substitutions thereof, entered into or negotiated during the term hereof and to pay the same to you thereafter for so long as you remain in business.

I am also aware that you are entitled to receive a service charge from some and/ or all of the clients who may utilize my services. I agree that this service charge shall be an additional inducement for you to act on my behalf.

I understand that I am prohibited from contacting potential and all clients and accepting Modeling jobs directly from clients, talking with other agents, interacting directly with Media, etc. met through GB Model Group. Contacts should be directed to GB Model Group while on auditions, gigs, shoots and ALL other bookings scheduled by and/or met through GB Model Group. In result of booking a client with GB Model Group, should the same client and other GB Model Group clients be interested in rebooking, GB Model Group is still entitled to the percentage mentioned in the above paragraph.

While on auditions, go sees, cattle calls, etc, scheduled by GB Model Group, I am prohibited from providing any personal information, other than name, measurements and availability, with any and all potential clients met or have come in contact with through/because/and association with GB Model Group.

GB Model Group, is hereby appointed my lawful attorney-in-fact with authority to demand, collect and receive in my name, any and all payments whether by cash, check or otherwise, to which I may become entitled; to make, execute and deliver receipts; to endorse, deposit and collect any check, note, draft or other instrument for the payment of monies that may be payable to my order, and to sign photographic releases and to do and perform any matter or thing whatsoever for and on behalf of me in my name, all in connection with my services covered by this agreement. The foregoing authority shall be irrevocable during the 24 month term of this agreement and any renewal hereof.

This agreement or any renewal thereof may be terminated at any time by either party upon ninety (90) days prior written notice to the other party. Such notice may be by personal delivery or by registered certified mail.

Subject to my availability, you hereby agree to use all reasonable efforts to procure employment for me in the field or fields of endeavor specified in the contract in which you represent me.

This instrument constitutes the entire agreement between us. Statements, promises, or inducements made by any party hereto that are not contained herein shall not be binding or valid, and this contract may not be enlarged, modified, or altered, except in writing signed by both the parties hereto; and provided further, any substantial changes in this contract must be approved by both parties.

This agreement is deemed executed on the date both parties have signed below.
My non-exclusive liaison group for all purposes (including commission, availability, and representation) is: GB Model Group.

Dated: _6-17-16_

_____
GB Model Group Rep

Agreed to and Accepted by:

_Morgan Marie Kennedy_
Name of Talent (Print)

_MMPistler for Morgan Kennedy_
Talent Signature

_Sheridan_ , _AR_ _72150_
City                          State          Zip

# EXHIBIT "B"

**MODEL VOUCHER**
4225 Snapfinger Woods Dr.
Decatur, Ga 30035
(678)632-2363 * Fax (404)288-7900
info@gbmodelgroup.com

CLIENT: _Calla Blanche_

MODEL: _Adriana Westwood_

REPORT TO: _CHICAGO_

| DATE OF JOB | TIME IN | TIME OUT |
|-------------|---------|----------|
| 27/Sep/15 | 9:00 | 6:00 |
| 28/Sep/15 | 9:00 | 6:00 |
| 29/Sep/15 | 9:00 | 6:00 |
| | | |
| | | |

CLIENT BILLING INFORMATION:

_____

_____

_____

THE ABOVE WORK HAS BEEN COMPLETED AND
THE BILLING INFORMATION IS CORRECT

TOTAL HOURS/DAYS: _____

CLIENT'S SIGNITURE: _____

MODEL'S SIGNITURE: _____



**DATE:** October 19, 2015

**INVOICE #**

**FOR:** *Chicago Merchandise Sept. 27th-29th*

4225 Snapfinger Woods Dr.
Decatur, GA 30035
Phone 678-632-2363

**Pay Statement**
Adriana Westwood
4414 Briarcliff Rd NE
Atlanta, Ga 30345
Modadimo@gmail.com

| DESCRIPTION | RATE | HOURS | DAYS | AMOUNT |
|---|---|---|---|---|
| Angela and Alison | $200 | | 3 | $600 |
| | | | **TOTAL** | $ 600.00 |

If you have any questions concerning this invoice, contact Bianka, 678-632-2363, accounting@gbmodelgroup.com

**THANK YOU FOR YOUR BUSINESS!**

**MODEL VOUCHER .**
4225 Snapfinger Woods Dr.
Decatur, Ga 30035
(678)632-2363 * Fax (404)288-7900
info@gbmodelgroup.com

CLIENT: _Calla Blanche_

MODEL: _Adriana Westwood_

REPORT TO: _____

| DATE OF JOB | TIME IN | TIME OUT | |
|---|---|---|---|
| 03-16-16 | 9:00am | 6:00PM | |
| 03-17-16 | 8:45 | 6:00 | |
| 03-18-16 | 8:45 | 3:30 | |
| | | | |
| | | | |

CLIENT BILLING INFORMATION:

_Chicago Show_

THE ABOVE WORK HAS BEEN COMPLETED AND
THE BILLING INFORMATION IS CORRECT

TOTAL HOURS/DAYS: _____

CLIENT'S SIGNITURE: _____

MODEL'S SIGNITURE: _____

GB MODEL GROUP (GBMG)
06/20/2016

Best Bank

Adriana Westwood

Chicago Bridal Show 3 days $200/day

Chicago Market 3/16-3/18

3003

600.00

600.00



**MODEL VOUCHER**
4225 Snapfinger Woods Dr.
Decatur, Ga 30035
(678)632-2363 * Fax (404)288-7900
info@gbmodelgroup.com

CLIENT: *Calla Blanche*

MODEL: *Adriana W*

REPORT TO: ~~scribbled out~~

*NEW YORK*

| DATE OF JOB | TIME IN | TIME OUT |
|-------------|---------|----------|
| Apr.16.2016 | 8:50 | 6:10 |
| Apr 17 2016 | 8:50 | 6:20 |
| Apr. 18 2016 | 8:50 | 4:30 |
| | | |

CLIENT BILLING INFORMATION:

_____

_____

_____

THE ABOVE WORK HAS BEEN COMPLETED AND
THE BILLING INFORMATION IS CORRECT

TOTAL HOURS/DAYS: _____

CLIENT'S SIGNITURE: _____

MODEL'S SIGNITURE: _____



**Ms Tao Sun**
**2200 yonge st**
**Suite:1000**
**Toronto, ON  M4S2C6**

INVOICE

| | |
|---|---|
| Arrival: | 04-14-16 |
| Departure: | 04-18-16 |
| Rm #: | 0809 |
| Folio #: | 35581 |
| Cashier: | 157 |
| Page #: | 1 of 1 |
| Invoice No | |
| Grp Code: | THEKNOT |

| Date | Description | Reference | Debit | Credit |
|---|---|---|---|---|
| 04-14-16 | Deposit Transferred at C/I | | | 1,019.24 |
| 04-14-16 | Room Charge | | 219.00 | |
| 04-14-16 | Occupancy Tax | | 2.00 | |
| 04-14-16 | Javits Center Tax | | 1.50 | |
| 04-14-16 | Sales Tax @ 8.875% | | 19.44 | |
| 04-14-16 | City Tax @ 5.875% | | 12.87 | |
| 04-15-16 | Room Charge | | 219.00 | |
| 04-15-16 | Occupancy Tax | | 2.00 | |
| 04-15-16 | Javits Center Tax | | 1.50 | |
| 04-15-16 | Sales Tax @ 8.875% | | 19.44 | |
| 04-15-16 | City Tax @ 5.875% | | 12.87 | |
| 04-16-16 | Room Charge | | 219.00 | |
| 04-16-16 | Occupancy Tax | | 2.00 | |
| 04-16-16 | Javits Center Tax | | 1.50 | |
| 04-16-16 | Sales Tax @ 8.875% | | 19.44 | |
| 04-16-16 | City Tax @ 5.875% | | 12.87 | |
| 04-17-16 | Room Charge | | 219.00 | |
| 04-17-16 | Occupancy Tax | | 2.00 | |
| 04-17-16 | Javits Center Tax | | 1.50 | |
| 04-17-16 | Sales Tax @ 8.875% | | 19.44 | |
| 04-17-16 | City Tax @ 5.875% | | 12.87 | |

| | | |
|---|---|---|
| *Total* | 1,019.24 | |
| *Balance* | | 0.00 |

I agree that my liability for this bill is not waived and agree to be held
personally liable in the event that the indicated person, association or
company fails to pay for any part or the full amount of these charges.
Please leave your room key at the reception upon departure. This folio also
serves as a receipt of payment for services rendered.

Guest Signature: _____

# EXHIBIT "C"



**MODEL VOUCHER**

**GBMG**
GB MODEL GROUP

4225 Snapfinger Woods Dr.
Decatur, GA 30035
(678)632-2363
accounting@gbmodelgroup.com

CLIENT: _Angela & Alison_

MODEL: _Adriana Westwood_

REPORT TO: _____

| DATE OF JOB | TIME IN | TIME OUT |
|---|---|---|
| Aug 02.16 | 9:00 | 6:00 PM |
| Aug 03.16 | 9:00 | 6:00 PM |
| Aug 04.16 | 9:00 | 6:00 PM |
| Aug 05.16 | 9:00 | 6:00 PM |
| Aug 06.16 | 7:00 | 6:00 PM |
| Aug 09.16 | 7:00 | |

MODELS MAILING & EMAIL ADDRESS:    NOTES

Every day 8:30am Makeup
Aug 02-03-04-05
06 — 7:00 am.
07  7:00 a.m.

MODEL PLEASE
TURN SIGNED COPY INTO GBMG OFFICE OR
EMAIL ACCOUNTING@GBMODELGROUP.COM

TOTAL HOURS/DAYS: _____

CLIENT'S SIGNITURE: _____

MODEL'S SIGNITURE: _____

# EXHIBIT "D"

Chicago.
Pending
2016

**MODEL VOUCHER**

**GBMG**
GB MODEL GROUP

4225 Snapfinger Woods Dr
Decatur, GA 30035
(678)632-2363
accounting@gbmodelgroup.com

CLIENT: Calla Blanche

MODEL: Adriana Westie

REPORT TO:

| DATE OF JOB | TIME IN | TIME OUT | |
|-------------|---------|----------|---|
| Sep 08 16 | 8:30 | 6:10 | He |
| Sep 09 16 | 8:30 | 6:00 | |
| Sep 10 16 | 8:30 | 6:00 | |
| Sep 11 16 | 8:30 | 3:30 | |
| | | | |
| | | | |

MODELS MAILING & EMAIL ADDRESS:

_____

_____

-

MODEL PLEASE
TURN SIGNED COPY INTO GBMG OFFICE OR
EMAIL ACCOUNTING@GBMODELGROUP.COM

TOTAL HOURS/DAYS: 35.5

CLIENT'S SIGNITURE: _Syedda_

MODEL'S SIGNITURE: _____

**Scanned by CamScanner**

# EXHIBIT "E"

**From:** Bianka McCorkle
**Sent:** Wednesday, September 14, 2016 1:10 PM
**To:** Adriana Westwood
**Subject:** Re: Calle Blanche_NYC_Travel Info


It's the same as usual.

$200/day

Bianka McCorkle
Marketing Coordinator
GB Model Group (GBMG)
678.632.2363
www.GBModelGroup.com


On Sep 14, 2016 1:02 PM, Adriana Westwood <adri.westwood@gmail.com> wrote:

Don't forget to send me the rate for New York  I know is different from Atlanta.

Thank you


On Sep 14, 2016 11:38 AM, "Standard" <biankam@gbmodelgroup.com> wrote:
Goodmorning Adriana,

I know you are getting ready for the ALFW, how exciting!!!

Here are the details for your trip to NYC

Adriana Westwood

Booked for Calle Blanche_ October 8th - October 10th
Per Diem: $45/day will be deposited into your account on the October 6th

TRAVEL CONFIRMATION NUMBER : NKH9P2
From <https://www.united.com/ual/en/us/flight-search/book-a-
flight/confirmation/rev?CartId=0F676B56-AD04-4D4B-8F37-0B59D556E296>
( Your phone number is on file so updates will come to you)


Leave: Oct. 7th 2pm United Airlines  Arrives 4:13pm
Take Transit to Hotel: Washington Jefferson Hotel (Midtown)
318 W 51st St, New York, NY 10019

Phone: (212) 246-7550


Return: Oct.10th  9pm United Airlines   Arrives 11:19pm
Take Transit from Pier 92/94 to Newark Airport

--
Bianka "BMe" McCorkle Marketing Coordinator GB Model Group (GBMG) C: 678-519-8449 E: biankam@gbmodelgroup.com O: 678-632-2363 www.gbmodelgroup.com

**From:** Info Angela&Alison
**Sent:** Thursday, September 29, 2016 3:19 PM
**To:** Standard
**Subject:** Inquiry regarding Adriana

Hi Bianka,

There is a bit of confusion regarding booking Adriana for New York. Can you fill me in on what's happening?

Thank you,

Lesley Geddes

*Angela & Alison*

**Account Manager**
Tel: <u>1-855-564-7001</u> ext. 221
Fax: <u>1-855-531-3770</u>

<u>www.angelaandalison.com</u>

 <u>Find Us on Facebook</u>

Hi Bianka,

Can you send Adriana her travel and hotel information as she is scheduled to fly out on Oct 7, 2016.

Julia and Tao are very busy getting ready for the show this weekend in New York.

Please send Adriana all information by today so she can make her arrangements.

Thank you,

Lesley Geddes

*Angela & Alison*
**Account Manager**
Tel: <u>1-855-564-7001</u> ext. 221
Fax: <u>1-855-531-3770</u>

<u>www.angelaandalison.com</u>

<u>Find Us on Facebook</u>

# EXHIBIT "F"

**From:** Bianka McCorkle
**Sent:** Tuesday, October 4, 2016 2:32 PM
**To:** Adriana Westwood
**Subject:** Re: NY Show/Adriana Westwood


Hello Adriana,

It is my understanding after speaking with you on September, 29th when we were supposd to meet,  you told me you decided not to go to New York.

So you will not be going to New York.

The voucher for Chicago that you have attached is to be signed and emailed to accounting@gbmodelgroup.com like I have instructed before.

Payments can take up to 30 to 60 days which has been explained to you and you have in your contract.

Bianka McCorkle
Marketing Coordinator
GB Model Group (GBMG)
678.632.2363
www.GBModelGroup.com

On Oct 4, 2016 11:29 AM, Adriana Westwood <adri.westwood@gmail.com> wrote:

>

> Today October the 4th 11:25am
> I am still waiting for the information about NY Fashion show (Calla Blanche/AngelaAndAlison). You send me some information Sep the 14th about the flight and hotel so later you said it  been change. So what's going on????? The reason why I need to know as soon as possible it's because I need to organize my son's activities specially he is gonna be in fall break and I need to confirm the babysitter and put all his activities in point. Second I need to schedule my students for their modeling  training when I am back to Atl. Ireally need to know when I am coming back.
> About the last past 2 jobs that I work for Calla Blanche
> First one
> ATLANTA SHOW AT THE AMERICA'S MART APPAREL
> from August 2nd until August the 7th (6days) I DID NOT RECEIVE MY CHECK WITH MY PAYMENT  Two months already. Do I need to mention that I need to pay my bills and my son's activities
>
> 2nd one

> CHICAGO  VOWS SHOW
> from September 08 until September 11th  (4day) I expecting at least some notification about this job.
>
> I am so tired to always asked you to send me an email with the whole information about the job while you suppose to be sent it to me as my agent
> You never send me what's is my rate in any job. And when I received my check big surprise less pay. What's going on with that????
> I will attach as an example an  invoice and you will notice atlanta show....yes what a big surprise  (and you didn't booked any flight or hotel at all)
> This is extremely crazy I talked to you about to be honest and you wasn't.
> I feel sorry for all the people you treating like this because it's not fear. Also I feel sorry for all the team who work for Calla Blanche they are supper confused and I am pretty sure they have so much important thing to deal in the company than deal with all this issues.
>
> I am always super professional in any single job that's why so many companies  still booking me for some many years. My job is not a game I love what I do and I do it with passion with all my heart. So tell me what you want to do because I am sick of this.
>
> Have a great day
> Adriana Westwood